IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN TROY HOUSER,

    Plaintiff,                 15cv0419
                                   **ELECTRONICALLY FILED**

       v.

NEW KENSINGTON POLICE
DEPARTMENT,

    Defendant.

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Doc. no. 3. The [Second] Complaint, filed by *pro se* Plaintiff, asserts that Defendant violated his constitutional rights during and shortly after Plaintiff's arrest on September 6, 2013. Doc. no. 1-4.

Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. Doc. no. 7. For the reasons set forth herein, Defendant's Motion to Dismiss will be granted.

## I. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(5)

A plaintiff is required to effectuate service upon all defendants. Fed.R.Civ.P. 4. If the defendant files a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5) for failure to effectuate service, "In resolving a motion under Rule 12(b)(5), "the party making the service has the burden of demonstrating its validity when an objection to service is made." *Reed v. Weeks Marine, Inc.*,

166 F.Supp.2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-89 (3d Cir.1993)).

### B. Federal Rule of Civil Procedure 12(b)(6)

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a Complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the

framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n. 8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

However, to survive a Motion to Dismiss, a Complaint – even a *pro se* Complaint such as the one present here – "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft,* 556 U.S. 662, 677 (quoting *Twombly*, 550 U.S. at 570).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n. 8.

## II. BACKGROUND

This case was removed to this Court on March 25, 2015. See doc. no. 1. The Notice of Removal attached: a Complaint dated January 13, 2015 (doc. no. 1-2); a docket sheet from the Court of Common Pleas of the Westmoreland County (doc. no. 1-3); a second Complaint dated January 27, 2015 (doc. no. 1-4); and a proof of service on Defendant, New Kensington Police

3

Department (doc. no. 1-5). The only Defendant named in the more recently filed Complaint (doc. no. 1-4) was the New Kensington Police Department.[1]

The facts set forth in the Second Complaint are accepted as true solely for the purposes of deciding this Motion to Dismiss.

Plaintiff alleges that he was arrested by officers who work for the New Kensington Police Department on September 6, 2013. Doc. no. 1-4, p. 2, ¶ 1. Plaintiff's Second Complaint indicates that "prior to being placed in custody[,]" Plaintiff was tasered three times. Id., p. 2, ¶ 2. After he was placed in handcuffs, Plaintiff claims he was stomped, kicked, and punched in his face, ribs, and the back of his legs for two minutes by the arresting police officer. Id., p. 2, ¶ 3. Next, after being transported to the New Kensington Police Station, and while standing in a holding cell, a New Kensington police officer ripped out three taser wires which were hanging from Plaintiff's abdomen and stomach. Id., p. 3, ¶ 9. Plaintiff claims that the police officer forcibly removed Plaintiff's taser wires in this manner after some EMTs, who were also present at the Police Station, refused to do so, indicating that their policy required them to transport Plaintiff to a hospital to remove taser wires. Id., p. 3, ¶¶ 6-8. Plaintiff's Second Complaint further notes that "[t]he entire New Kensington Police Department staff present within the New Kensington Police Station at that particular time unanimously refused to transport me to a[n] emergency room or hospital, not only to have the taser wires removed, but for medical treatment period." Id., pp. 3-4, ¶ 10.

The remainder of the factual portion of Plaintiff's Second Complaint outlines the injuries he sustained (presumably) as a result of the alleged beating. Id., p. 4, ¶ 11. Plaintiff's "First

---

[1] This Court believes the more recently filed Complaint (doc. no. 1-4) is the Complaint which forms the basis of this lawsuit and further notes that it is the Complaint that Defendant seeks to dismiss with its pending Motion. Hereinafter, this more recently filed Complaint will be referred to as "the Second Complaint."

Claim for Relief" indicates that the staff of the New Kensington Police Department "abuse[d] . . . the integrity of law enforcement officials[,] . . . [failed] to uphold the highest standard of public trust," and "disregard[ed] . . . Plaintiff's [need for] proper medical attention[.]" Id., p. 4, ¶ 13-14. Plaintiff's "Second Claim for Relief" indicates that the "New Kensington Police Department . . . violate[d] . . . Plaintiff's Constitutional Amendments . . . [and] violate[d] . . . 'Use of Force' by . . . repeatedly punching, stomping, kicking[,] and using a taser on a defenseless person." Id., p. 5, ¶ 15.

### III. DISCUSSION

Defendant first argues that Plaintiff's two claims asserted against Defendant in his Second Complaint must be dismissed for failing to adequately plead a legally cognizable claim under *Iqbal* and *Twombly*. The Court agrees.

In, *Beck v. City of Pittsburgh*, 89 F3.d 966, (3d Cir. 1996), the United States Court of Appeals for the Third Circuit held as follows:

> When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Thus, although the municipality may not be held liable for a constitutional tort under § 1983 on the theory of vicarious liability, it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom. *Id*. at 694.

89 F.3d at 971.

Here, the Second Complaint filed by Plaintiff names the "New Kensington Police Department" as the Defendant. Given the nature of the two claims asserted by Plaintiff in his Second Complaint (and as noted by Defendant's counsel), the correct entity to be sued is the

"City of New Kensington." Notwithstanding the incorrect identity of the Defendant being sued, this Court finds that under *Beck* and *Monell*, Plaintiff has failed to alleged facts that support either a claim for excessive force, or any Constitutional violation.

A municipality, such as New Kensington, cannot be held liable for the alleged constitutional wrongdoings of its police officers unless the municipality is alleged to be the moving force behind those alleged transgressions. See, *Monell*. In order to adequately plead that the municipality is such a force, a plaintiff must identify the formal "policy" or identify the informal "custom" adopted by that municipality which led to the constitutional violation(s) of the plaintiff's right(s).

The Second Complaint filed in this instance, is completely devoid of any such allegations against the City of New Kensington (again, wrongly identified by Plaintiff as the "New Kensington Police Department"). Because of the complete lack of the sort of factual allegations necessary to assert a plausible claim under Section 1983 against this Defendant, the Court has no choice but to dismiss the Second Complaint and grant Defendant's Motion. An appropriate Order of Court will follow.

                                              s/ Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc:    All Registered ECF Counsel and Parties

       Alan Troy Houser
       #3067-2014
       Westmoreland County Prison
       3000 South Grande Boulevard
       Greensburg, PA 15601