IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN TROY HOUSER,

    Plaintiff,

    v.

NEW KENSINGTON POLICE
DEPARTMENT,

    Defendant.

15cv0419
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint with prejudice. Doc. no. 12. The Third Complaint, filed by *pro se* Plaintiff, asserts that Defendant violated his constitutional rights during and shortly after Plaintiff's arrest by the New Kensington Police Department on September 6, 2013. Doc. no. 11.

Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss. Doc. no. 17. For the reasons set forth herein, Defendant's Motion to Dismiss the Third Amended Complaint with prejudice will be granted.

**I. STANDARD OF REVIEW**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a Complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n. 8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

However, to survive a Motion to Dismiss, a Complaint – even a *pro se* Complaint such as the one present here – "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft,* 556 U.S. 662, 677 (quoting *Twombly*, 550 U.S. at 570).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n. 8.

## II. BACKGROUND

This case was removed to this Court from the Court of Common Pleas of Westmoreland County on March 25, 2015. See doc. no. 1. The Notice of Removal attached: a Complaint dated January 13, 2015 (doc. no. 1-2); a docket sheet from the Court of Common Pleas of the Westmoreland County (doc. no. 1-3); a Second Complaint dated January 27, 2015 (doc. no. 1-4); and a proof of service on Defendant, New Kensington Police Department (doc. no. 1-5). The only Defendant named in the more recently filed Complaint (doc. no. 1-4) was the New Kensington Police Department.[1]

Defendant filed a Motion to Dismiss the Second Complaint on April 1, 2015. Doc. no. 3. Plaintiff filed a Response to the Motion to Dismiss the Second Complaint on April 14, 2015. Doc. no. 7.

This Court granted the Motion to Dismiss the Second Complaint without prejudice to Plaintiff to file a Third Amended Complaint on or before April 30, 2014. See doc. no. 9. In the Court's Opinion explaining why the Second Complaint was being dismissed, the Court explained that the Second Complaint had to be dismissed for failing to adequately plead a legally

---

[1] This Court previously determined that the Second Complaint (doc. no. 1-4) was the Complaint which forms the basis of this lawsuit. Hereinafter, the Complaint bearing doc. no. 1-4, will be referred to as "the Second Complaint."

cognizable claim under *Iqbal* and *Twombly* because the Plaintiff had asserted his claims solely against the New Kensington Police Department.[2] *Id.* The Court's Opinion went on to explain that under *Beck v. City of Pittsburgh*, 89 F3.d 966 (3d Cir. 1996), and *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the City of New Kensington – the assumed entity which Plaintiff sued for the alleged constitutional wrongdoings of its police officers – could not be held liable unless Plaintiff had alleged (and ultimately could prove) that the municipality was the "moving force behind those alleged transgressions." *Id.*

Finally, the Court's prior Opinion examined the facts asserted by Plaintiff in his Second Complaint and determined that Plaintiff failed to allege any facts which supported either a claim against the municipality as the moving force behind the Plaintiff's excessive force claim, or any sort of Constitutional violation. *Id.* To the contrary, all of Plaintiff's factual allegations against the municipality were based on vicarious liability – a claim that it is not cognizable given the case law cited above. *Id.*

Because the Court recognized Plaintiff as a *pro se* plaintiff, the Court's Order permitted Plaintiff to file a Third Amended Complaint to assert a proper, legally cognizable claim supported by the proper factual averments against the municipality. See doc. no. 9. Plaintiff timely filed his Third Amended Complaint, and properly named the "City of New Kensington" as the Defendant. Doc. no. 11.

The factual averments concerning the incident in question are largely unchanged from the Second Complaint to the Third Amended Complaint. The Court will not detail those facts, having already done so in its prior Opinion (see doc. no. 8), but the salient facts can be summarized as follows:

---

[2] The Court noted in its Opinion that even though the Plaintiff improperly sued an entity known as "the New Kensington Police Department," the Court understood that the correct legal entity Plaintiff meant to sue was is the "City of New Kensington." Doc. no. 8.

- Plaintiff alleges that he was arrested by officers who work for the New Kensington Police Department on September 6, 2013 and during the course of his arrest he was tasered three times. Doc. no. 11, p. 1.

- Following his arrest, Plaintiff claims he was taken to the New Kensington Police Station. Id. at p. 2.

- Plaintiff alleges that EMTs who were present at the police station told police officers that they were not permitted to remove the taser wires and that their policy was to take the person to an Emergency Room to have the wires extracted. Id. at p. 3-4.

- One of the New Kensington police officers allegedly laughed when the EMTs suggested Plaitniff be transported to hospital for removal of the wires, and while Plaintiff was standing in a holding cell, this same police officer purportedly ripped out the three taser wires which were hanging from Plaintiff's abdomen and stomach.

**III. DISCUSSION**

In his Third Amended Complaint, Plaintiff attempts to comply with the Court's prior Opinion and Order (doc. nos. 8-9) by including the sub-heading, "Moving Force behind violation of Plaintiff's Constitutional Rights of use of Excessive Force." See doc. no. 17, p. 6. The text which follows beneath this sub-heading is two and one-half pages of case law citation. The assertions set forth on these two and one-half pages which provide a recitation of the case law are not factual statements.

Following the lengthy case law analysis, Plaintiff next attempts to assert how his case comports with the legal requirements of the cases he cited. However, the only facts he sets forth in relation to the City of New Kensington are as follows:

> It would be plausible to reasonably believe that the City of New Kensington finds it a customary standard to ensure its police force provides medical treatment . . . when an arrestee is tasered . . . . Furthermore, it would be inconceivable to think that the City of New Kensington is without some 'policy or custom' in which police officers are trained in the prevention of unnecessary use of excessive force . . . .

Doc. no. 17, p. 9.

Notwithstanding his attempt to assert facts, these statements fall very short of the mark of establishing a factual basis upon which a claim against the City of New Kensington can survive the pending Motion to Dismiss. Again, as was noted by the Court in its prior Opinion, the City of New Kensington cannot be held vicariously liable for the conduct of its police officers *unless* Plaintiff were to plead *facts* (not case law, speculation, or conjecture) specifically identifying the formal policy or the informal custom of the City which led to the violation of his Constitutional rights. There are no facts set forth in Plaintiff's Third Amended Complaint that do so.

## IV. CONCLUSION

Accordingly, due to the lack of the sort of factual allegations necessary to assert a plausible claim under Section 1983 against this municipal Defendant, the Court has no choice but to dismiss the Third Amended Complaint and grant Defendant's Motion. An appropriate Order of Court will follow.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Alan Troy Houser
#3067-2014
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601